VILLAGE OF HAVERSTRAW v. ECKERSON et al.

(Supreme Court, Trial Term, Rockland County.  August 6, 1909.)

ADJOINING LANDOWNERS (§ 3*)—LATERAL SUPPORT—EXCAVATIONS.

    In a suit to restrain owners of land abutting on a street from excavating and removing the support of the street, evidence *held* to show that the excavation threatened will destroy the street, authorizing the court to enjoin continued excavations and to require the restoring of the necessary support.

    [Ed. Note.—For other cases, see Adjoining Landowners, Cent. Dig. § 11; Dec. Dig. § 3.*]

Action by the Village of Haverstraw against J. Esler Eckerson and others.  Judgment for plaintiff.

See 124 App. Div. 18, 108 N. Y. Supp. 506.

Alonzo Wheeler and William McCauley, for plaintiff.

Abram F. Servin and R. E. Prime, for defendants.

TOMPKINS, J.  Rockland street, north of Jefferson street, has been utterly destroyed by excavations upon the defendants' property, made by their tenants and under their directions, while Jefferson street, east of Rockland, has been entirely destroyed and carried away by excavations made upon the property of the defendants, adjoining said street on the north, and excavations upon the property formerly owned by Gillies, adjoining the said Jefferson street on the south, all of which excavations were made by the defendants and the owners of the said Gillies property, or by their tenants and under their directions, and in the places where Rockland street, north of Jefferson, and Jefferson street, east of Rockland, were once located, there are now deep excavations, upon and over which these defendants and their tenants drive and work, and from which they remove brick-making material at their pleasure.  What is left of Jefferson street, east of Broadway, is now sought to be protected and preserved against further excavations upon the defendants' property, which in time, if permitted to go on, will undermine and destroy that portion of Jefferson street that remains.  Indeed, a part of it along its northerly side has already fallen away, owing to excavations upon the defendants' property, and has been filled in with ashes and street refuse.

I am bound to find from the evidence that what remains of Jefferson street is in danger of caving or sliding into the excavation already made upon the defendants' property, unless a sufficient slope is maintained from Jefferson street, to and upon the defendants' property, to hold and sustain the street, and that further excavating upon the defendants' property, in the manner in which the work had been carried on up to the time of the commencement of this action, would imperil the street, and the houses and property on the south side thereof.  Already excavations have been made on the defendants' property up to, and even within, the northerly line of Jefferson street, and witnesses, who are apparently disinterested, testified that one of the defendants, J. Esler Eckerson, had declared their purpose to excavate

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes

both sand and clay upon their premises right up to the line of the street. There is no doubt in my mind but that Jefferson street, between Rockland and Broadway, is in imminent danger from the excavations already made and the work threatened to be done upon the defendants' premises, and that it can only be saved and protected by a judgment of the court fixing the lines and limits within which excavations can be safely made upon the defendants' property.

There is a wide difference of opinion among the experts as to what the slope of safety should be. The plaintiff's witnesses say that in sand there should be a slope of 2.7 feet horizontal to 1 foot perpendicular, and in clay 4½ feet horizontal to 1 foot perpendicular; while the defendants' witnesses testified that a slope of 1½ feet horizontal to 1 foot perpendicular in clay is sufficient. Mr. Southard, the defendants' expert witness, testified that in his opinion the landslide of 1906, which took away a large part of Rockland street, near Jefferson, was caused by excavations made in the pump hole on the Gillies property, at a depth of from 85 to 87 feet, and at a distance of from 400 to 500 feet from Rockland street, which means, in substance, that that slide was caused by excavations made at a slope of 5 feet horizontal to 1 foot perpendicular; and in this connection it will be seen that the present danger to Jefferson street from the excavations upon the defendants' property is apparent, from the fact that at a distance of about 244 feet north of Jefferson street the excavations have gone to a depth of 77.6 feet, making a slope from Jefferson street north of about 3¼ feet to 1 foot, or considerable less of a slope remains there for the protection of Jefferson street than existed on the Gillies property for the protection of Rockland street before it was carried away by the slide of 1906.

So that in my opinion there is present danger of the subsidence of Jefferson street, and my conclusion is that the safety and preservation of the street requires a slope in clay of 4 feet horizontal to 1 foot perpendicular while in sand a slope of 2½ feet horizontal to 1 foot perpendicular is necessary, and that the plaintiff should have judgment enjoining the defendants from excavating so as to further endanger Jefferson street, and requiring the defendants to forthwith fill in and restore the necessary support of said street upon their adjoining lands, with costs.